UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61356-CV-DIMITROULEAS

Edison Armando Aguayo Guagalango,

      Petitioner,

v.

DHS Secretary Markwayne MULLINS, et al.

      Respondents.

                                      /

## ORDER DISMISSING HABEAS PETITION

**THIS CAUSE** is before the Court on Petitioner Edison Armando Aguayo Guagalango ("Petitioner")'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [DE 1], filed May 6, 2026. The Court has considered the Petition [DE 1], Respondents' Response [DE 6], and notes that no reply was timely filed by Petitioner.[1] Additionally, the Court held a hearing on the Petition on May 22, 2026, in which it heard argument from counsel. The Court is otherwise fully advised in the premises.

Petitioner, a native and citizen of Ecuador, illegally entered the United States in June of 2023, was subject to a June 8, 2023 Expedited Removal, and was removed from the United States on July 13, 2023. Petitioner again illegally entered the United States in April of 2024, where he was encountered by CBP near Rio Grande Valley, Texas, arrested, and transferred to custody of ICE ERO. On April 14, 2024, Petitioner expressed a fear of returning to his home country and his case was referred to USCIS for a reasonable fear interview. On April 15, 2024, ERO served Form I-871, Notice of Intent/Decision to Reinstate Prior Order, reinstating

---

[1] The Court's May 7, 2026 Order Requiring Expedited Response from Respondents allowed Petitioner to file a Reply on or before May 14, 2026. *See* [DE 3].

Petitioner's June 8, 2023 final order of removal. On May 16, 2024, Petitioner was interviewed by USCIS. On May 31, 2024, Petitioner was released on an Order of Supervision (OSUP). On October 16, 2025, ICE ERO revoked Petitioner's OSUP pending Withholding-Only proceedings and Petitioner was taken into ICE ERO custody. On March 4, 2026, Petitioner's application for withholding of removal was denied by an Immigration Judge. On March 30, 2026, Petitioner appealed the Immigration Judge's order denying withholding of removal to the Board of Immigration Appeals (BIA), which appeal remans pending.

Petitioner moves for habeas relief and argues that his continued detention during the pendency of his BIA appeal is unlawful because he has been in custody since October 16, 2025 and the appeals process that Petitioner initiated could take years, citing *Zadvydas v. Davis,* 533 U.S. 678 (2001). *See* [DE 1] at ¶ 31 ("Petitioner is currently awaiting a decision on his Appeal from the Board of Immigration Appeals for the order denying his application for withholding of removal and protection under the Convention Against Torture. Typical decisions in similar cases before the board of immigration appeals can take from one to two years."). Petitioner asks the Court to order his immediate release from ICE custody or to direct Respondents to provide him with an individualized bond hearing before an Immigration Judge. The Government responds that the Petition must be dismissed because, *inter alia*, Petitioner is lawfully detained under 8 U.S.C. § 1231 and Petitioner's pending appeal with the BIA (and, relatedly, the final disposition of his withholding claim) is now the only thing preventing execution of his final order of removal.

For the reasons stated, the Court agrees with the Government that, under these circumstances, Petitioner cannot state a constitutional claim under *Zadvydas* and its progeny, and the Petition should be dismissed.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*.  But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.* To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must "not only must show post-removal order detention in excess of six months but also *must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.*" *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (emphasis added). *See also Gozo v. Napolitano*, 309 Fed. Appx. 344, 346 (11th Cir. 2009) (same). Applying *Zadvydas*, the Eleventh Circuit held that noncitizens who seek judicial review of removal orders or obtain a stay of a final order of removal thereby interrupt and extend their own removal period within the meaning of 8 U.S.C. § 1231(a)(1)(C). *See Akinwale*, 287 F.3d at 1052 n.4 ("Akinwale was taken into custody on November 17, 1999, and interrupted the running of time under Zadvydas by moving on December 3, 1999, for a stay of deportation in his prior appeal to this Court. The stay was granted on January 10, 2000 …. Thus, Akinwale, unlike the aliens in *Zadvydas*, chose to simultaneously challenge issues related to his removal order and his post-removal period detention.. . . Therefore, Akinwale did not have even an unencumbered month of detention prior to filing his § 2241 petition, let alone the requisite six months.") (citing 8 U.S.C. § 1231(a)(1)(C)). The same result follows here in that, when Petitioner's second removal otherwise

would have been imminent, he chose to file an appeal with the BIA, and the pendency of Petitioner's appeal is now the sole cause of Petitioner's continued post-order of removal detention. Therefore, Petitioner cannot state a constitutional due process claim under *Zadvydas* and its progeny.

Moreover, in any event, *Zadvydas* is also inapplicable here as there is no reason in this case to believe Petitioner's detention will be definite or permanent after his appeal runs its course, nor has Petitioner filed any evidence that the United States will be unable to expeditiously deport him to Ecuador in the event that he loses his appeal. *See, e.g., Brodyak v. Davies*, 2015 WL 1197535, at *3 (D.N.J. Mar. 16, 2015) ("[T]he judicial review process, which Petitioner initiated, has a definite and evidently impending termination point, and nothing in the record suggests that Petitioner could not be expeditiously deported as soon as his challenge is decided by the Second Circuit.") (internal citations and quotation marks omitted).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus [DE 1] is **DISMISSED**.

2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record